UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GINA M. FERRINI,<br>as the Personal Representative<br>of the Estate of PETER F. MONSINI,<br><br>Plaintiff,<br><br>v.<br><br>ALLIED WORLD ASSURANCE<br>COMPANY (U.S.), INC.; ARCH<br>INSURANCE COMPANY; ENDURANCE<br>AMERICAN SPECIALTY INSURANCE<br>COMPANY; NAUTILUS INSURANCE<br>COMPANY; NAVIGATORS SPECIALTY<br>INSURANCE COMPANY; STARR SURPLUS<br>LINES INSURANCE COMPANY;<br>UNDERWRITERS AT LLOYD'S, LONDON;<br>and XL SPECIALTY INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. : _____ |

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Nautilus Insurance Company ("Nautilus") files this Notice of Removal to effectuate the removal of *Gina M. Ferrini, as the Personal Representative of the Estate of Peter F. Monsini v. Allied World Assurance Company (U.S.), Inc.*, Civil Action No. 2584CV03504, on the docket of the Massachusetts Superior Court for Suffolk County (the "State Court Action"), to the United States District Court for the District of Massachusetts. As grounds for this Notice of Removal, Nautilus asserts that it has complied with all removal procedures, there is a complete diversity of citizenship, and the amount in

controversy exceeds the jurisdictional threshold of $75,000. In further support, Nautilus respectfully states as follows:

1.      Plaintiff Gina M. Ferrini, as the Personal Representative of the Estate of Peter F. Monsini ("Plaintiff"), commenced the State Court Action by filing a civil Complaint on December 17, 2025.

2.      Nautilus received a copy of the Complaint on or about January 20, 2026. In the State Court Action, Plaintiff filed an affidavit of service as to Nautilus. Plaintiff has also filed an Affidavit of Service as to Defendant Certain Underwriters at Lloyd's, London Subscribing to Policy XS1137721 ("Underwriters"). Plaintiff has not filed a proof of service as to any other Defendants.

3.      In the Complaint, Plaintiff purports to assert causes of action against Nautilus and the other Defendants under Mass. Gen. Laws Ch. 93A, §§ 2, 9 and Ch. 176D. These statutory claims concern the handling of an insurance claim by Nautilus and the other Defendants, all of whom are insurers, arising out of a wrongful death action entitled *Gina M. Ferrini, as the Personal Representative of the Estate of Peter F. Monsini, vs. John Moriarty & Associates, Inc. et al.*, Massachusetts Superior Court for Suffolk County, Civil Action No. 2284CV01656C.

4.      The parties to this action are completely diverse and this lawsuit satisfies the diversity requirements of 28 U.S.C. § 1332(a)(1).

5.      Gina M. Ferrini is an individual who resides in Easton, Massachusetts. (Compl., ¶ 1). Ferrini brings this action on behalf of the Estate of Peter F. Monsini. Upon information and belief, Monsini was also a resident of Easton, Massachusetts, prior to his death. For purposes of diversity jurisdiction, Plaintiff's citizenship is determined by Monsini. 28 U.S.C. § 1332(c)(2). Monsini was a citizen of Massachusetts.

6.    None of the Defendants in the State Court Action are citizens of Massachusetts:

(a)    Defendant Allied World Assurance Company ("Allied") is an insurance company incorporated under the laws of the State of Delaware. It maintains its principal place of business in New York, New York.

(b)    Defendant Arch Insurance Company ("Arch") is a corporation organized under the laws of Missouri with its principal place of business at 300 Plaza Three, Jersey City, New Jersey;

(c)    Defendant Endurance American Specialty Insurance Company ("Endurance") is an insurance company, incorporated in Delaware, with its principal place of business at 4 Manhattanville Road, Purchase, New York;

(d)    Nautilus is an insurance company incorporated in the State of Arizona that maintains a principal place of business at 7233 East Butherus Drive in Scottsdale, Arizona;

(e)    Defendant Navigators Specialty Insurance Company ("Navigators") is a New York insurance corporation with a principal place of business in Connecticut;

(f)    Defendant Starr Surplus Lines Insurance Company ("Starr") is a Texas corporation with its principal place of business located at 399 Park Avenue, New York, New York;

(g)    Certain Underwriters at Lloyd's, London Subscribing to Policy XS1137721 ("Underwriters"), is misnamed in this lawsuit as "Underwriters at Lloyd's, London."[1] The subscribing syndicates are unincorporated associations. The members of the three syndicates participating in the Underwriters policy, Syndicate 2988, Syndicate 2987 and Syndicate 1618, are all domiciled in the United Kingdom. The liability of each syndicate is several, not joint; and

(h)    XL Specialty ("XL") is an insurance company, incorporated in the State of Delaware, with its principal place of business in Stamford, Connecticut.

7.    Upon information and belief, Plaintiff seeks more than $75,000 from Nautilus in this action. In the Civil Action Cover Sheet filed in the State Court Action, Plaintiff claims

---

[1] Plaintiff incorrectly refers to Underwriters as "Underwriters at Lloyd's, London d/b/a Ambridge Partners, LLC" in the Complaint. Underwriters will address that improper designation and seek to replace it with the proper party, "Certain Underwriters at Lloyd's, London Subscribing to Policy XS1137721" once this matter has been removed.

3

damages in the amount of $12,000,000. Thus, this action satisfies the amount in controversy requirement of 28 U.S.C. § 1332(a).

8.    Given the complete diversity of citizenship and that the amount in controversy exceeds the $75,000 statutory requirement, this Court has jurisdiction over this matter under 28 U.S.C. §§ 1332(a) and 1441(b).

9.    This Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

10.    As noted, Plaintiff has not filed a proof of service in the State Court Action for any Defendants other than Nautilus and Underwriters. Nautilus is unaware of any attempts by Plaintiff to serve any other Defendants. Without waiving and while expressly reserving all their rights, including without limitation the right to object to service, Defendants Allied World, Navigators, Underwriters, Endurance, and XL have all indicated, through their counsel, consent to this removal of the State Court Action. Despite diligent efforts, Nautilus has been unable to ascertain the position of Defendants Arch or Starr regarding this removal. However, again, upon information and belief, neither Arch nor Starr has been properly served with the Complaint in the State Court Action. *See* 28 U.S.C. § 1446(b)(2)(A).

11.    Pursuant to 28 U.S.C. § 1446(d), Nautilus shall, after filing this Notice of Removal, promptly provide written notice to all adverse parties and file a copy of the notice with the clerk in the State Court Action.

12.    There are no pending motions in the State Court Action.

13.    Nautilus has attached hereto as Exhibit 1 true and correct copies of all the pleadings in its possession from the State Court Action.

WHEREFORE, Nautilus hereby provides notice that the above-captioned action is removed from Massachusetts Superior Court for Suffolk County to the United States District Court for the District of Massachusetts.

Respectfully submitted,

DEFENDANT NAUTILUS INSURANCE COMPANY,

By its attorneys

*/s/ Jonathan E. Small*
Jonathan E. Small (BBO# 672480)
Robinson & Cole LLP
One State Street
Hartford, CT 06103
Tel: (860) 275-8200
Fax: (860) 275-8299
E-mail: jsmall@rc.com

Allison M. Carbonaro (BBO# 707003)
Robinson & Cole LLP
53 State Street, 32nd Floor
Boston, Massachusetts 02109
Tel: (617) 557-5927
E-mail: acarbonaro@rc.com

Dated: February 12, 2026